McIlvaine, J.
Having examined the testimony in this case, we are satisfied that there was sufficient evidence before the jury to authorize the findings of fact returned in the special verdict.
There remains, therefore, only two questions necessary to be determined :
1st. In order to entitle the plaintiffs to a judgment on the verdict, was it necessry for them to prove a tender to the defendants of the contract price of the marble ?
2d. Was it necessary under the contract, in .order to default the defendants, to show that the plaintiffs had bought, or made reasonable efforts to buy, in the market a like quantity of marble ?
1. We think that the performance by the plaintiffs of their promise to pay for the marble was a condition subsequent to the measurement of the marble and making an account thereof by defendants, and that no tender of the purchase money was necessary, in order to put the defendants in default for not delivering the marble.
That this is so, is manifést from the following provisions of the contract: The exact quantity of marble to be delivered *332 was not certain and fixed. The contract gave an option to the defendants, as to quantity, for the purpose, no doubt, of accommodating the amount to the sizes of the blocks. Twenty-five hundred cubic feet, a little more or less, in blocks not less than five feet in length, were to be delivered. The provision of the contract is, that “ on measurement and account being made up, the parties of the first part shall pay to the parties of the second part,” &c. It was impossible to ascertain the amount of money to be paid until measurement of quantity was made.
2. It is, no doubt, competent for parties to limit, by express stipulations, the amount of damages to be ■ recovered in the event of a breach of their contract; or to make the right to recover at all to depend upon a particular event; or they may agree that damages shall not be recovered in any event for a violation of the contract: thus making, what would otherwise be a contract binding in law, a mere option on the part of the promissor to do or not to do as he may choose.
In our opinion the contract between the parties in this case was of the first, and not of the second or third classes named. Taking it all together, we believe the parties intended to secure the performance on each side, by fixing the liability for non-performance at what they supposed would be a reasonable compensation to the injured party, in case of default by the other, in not receiving or not delivering the marble.
It cannot be doubted, that the parties intended to bind each other by this contract to the purchase and sale, upon the terms named therein. For the breach of every contract the law implies damages, and to escape the consequence of this rule of law, the party in default should be able to show, clearly, that damages had been waived. In this contract no waiver, or exemption from damages upon the state of facts found in the special verdict, is expressed; nor can it be inferred, except upon the principle that expressio unius est exclusio alterius. This maxim, however, should not be *333 applied in a case where, by fair construction of the whole instrument, a different intention can be ascertained.
Now, to say the least, it was intended and contemplated by the parties in the making of this contract, that in case of the defendants’ default, such marble would be in the market at New Orleans, and within the power of the plaintiffs to purchase. Clearly the New Orleans market was intended by the contracting parties, and the special verdict finds that no such marble could have been purchased in that market, at the time of the defendants’ default. Can it be said, that, because the parties named a particular mode in which the damages for a breach of this contract might be ascertained, and that mode became impossible by reason of circumstances not contemplated by them, therefore, no other mode can be adopted ; and the defendants can stand justified in law for a plain violation of their contract; and that' such was the intention of the parties in making the contract ? We think not.
Whatever might have been the law of this case, had there-been such marble in the market, at the time of defendants’ default, we are of opinion that the plaintiffs, under the state-of facts found in the special verdict, were excused not only from making a purchase of a like quantity of marble in the market, but also from any vain and fruitless effort to do so.
Motion of defendants to set aside verdict and for a new trial overruled, and judgment rendered on the verdict in-favor of plaintiffs.
Welch C. J., and White, Day and West, JJ., concurred.